# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TAMARA WOODS,<br><br>                   Plaintiff,<br><br>vs.<br><br>SLATER TRANSFER AND STORAGE, INC.,<br>and NORTH AMERICAN VAN LINES, INC.<br><br>                   Defendants. | Case No.  2:08-cv-00948-GWF<br><br>**ORDER**<br><br>Motion *in Limine* No. 1 (#100) and<br>Motion *in Limine* No. 2 (#101) |

This matter is before the Court on Defendants' Motion *In Limine* to Exclude Plaintiff's Witnesses - No. 1 (#100); Defendants' Motion *In Limine* to Exclude Certain Documents - No. 2 (#101), filed August 6, 2010; Plaintiff's Opposition to Defendants' Motion *In Limine* to Exclude Certain Documents - No. 2 and Exclude Witnesses - No. 1 (#108), filed August 11, 2010; Slater Transfer and Storage, Inc. and North American Van Lines, Inc. Reply to Plaintiff's Response re Motion *In Limine* to Exclude Plaintiff's Witnesses - No. 1 (#110), filed August 19, 2010; and Slater Transfer and Storage, Inc. and North American Van Lines, Inc. Reply to Plaintiff's Response re Motion *In Limine* to Exclude Plaintiff's Witnesses - No. 2 (#111), filed August 19, 2010.

**DISCUSSION**

    **1.**    **Background**

Plaintiff Tamara Woods has brought this action against Defendants Slater Transfer and Storage, Inc. ("Slater Transfer") and North American Van Lines, Inc. ("NAVL") alleging breach of the covenant of good faith and fair dealing based on a contract the parties entered into for the

moving of Plaintiff's household goods.[1]  Woods alleges that, in September 2007, she hired Slater Transfer and NAVL to transport her household goods from Toledo, Ohio to Las Vegas, Nevada. (#8 at 4-5).  Prior to signing an Order for Service with Defendants, Plaintiff obtained an oral quote of $1,100.00 from a NAVL customer representative for the cost of moving her household items across the country.  (#8 at 8; Ex. A to #71 at 34-36).  On September 5, 2007, Ms. Woods received a Binding Estimate from NAVL, which listed the "Guaranteed Not to Exceed" cost as $3,841.28. (Ex. A to #71 at 34-36).  Before she signed and initialed the Binding Estimate, Plaintiff alleges that she contacted NAVL to ask why the estimate was so high when she had previously been quoted $1,100.00.  (*Id.*)  Plaintiff states that the representative for NAVL reassured her that the final cost would end up being somewhere between $1,100.00 and $3,841.28.  (Ex. A to #71 at 34-35, 39).

According to Plaintiff, she signed an Order for Service with Defendant NAVL in late September 2007, which memorialized the agreement that NAVL would arrange for her household items to be shipped to Nevada.  (#71 at 7; Ex. A to #71 at 53-55).  However, Plaintiff states that no price was filled in on the Order for Service form she signed and that she signed based on the understanding that the move would cost around $1,100.00 but potentially up to $3,841.28.  (Ex. A to #71 at 34-35, 39, 53-55).  Around December 2007, Slater Transfer moved all of Plaintiff's household goods into its storage facility in Toledo, Ohio.  Slater Transfer made arrangements with NAVL to move Woods' household items from Toledo to her new residence located in Las Vegas. Plaintiff expected delivery of her household goods to her residence in Las Vegas in February 2008. However, Plaintiff's household goods were not delivered to her Las Vegas residence.  To date,

---

[1] In her initial complaint, Plaintiff filed claims against Defendant Slater Transfer for Plaintiff's claims for breach of contract, negligent misrepresentation and intentional fraud.  (#1). On October 7, 2008, the Court dismissed these claims as barred by the Carmack Amendment. (#26 at 4-5) (granting, in part, Slater Transfer's Motion for Summary Judgment (#10)).  Plaintiff subsequently filed an Amended Complaint containing state law claims against Slater Transfer and NAVL for deceptive trade practices (NRS 598.0977) and deceptive trade practices against a person with a disability (NRS 598.0973).  (#36).  The Court found that these claims were also preempted by the Carmack Amendment.  (#48).  However, the Court also interpreted Plaintiff's Amended Complaint as raising a claim for breach of the covenant of good faith and fair dealing based on the contract she held with Defendants related to the transportation and storage of her household items. (*Id.*)

Plaintiff has yet to receive her household items (*id.* at 34-35, 39) and Defendants claim she has not paid for the cost of storage or transportation of her household items (#71 at 7-9).

Based on these allegations, Plaintiff contends that Defendants are liable for breach of the covenant of good faith and fair dealing under the contract the parties entered into because (1) Slater Transfer informed Plaintiff that the cost of moving her household items would be $1,100.00 plus the cost of storage for two months and (2) Defendants overcharged her by claiming Woods owed $3,918.11 for moving and storage costs.

### 2. Motion *In Limine* Standard

A motion *in limine* is a procedural device to obtain an early, preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary 1109 (9th ed. 2009). "Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Id.* Although the Federal Rules of Evidence do not explicitly authorize a motion *in limine*, the Supreme Court has held that trial judges are authorized to rule on motions *in limine* pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460 (1984).

Judges have broad discretion when ruling on motions *in limine*.[2] *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion *in limine* should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion *in limine* "the evidence must be inadmissible on all potential grounds." *E.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400

---

[2] Courts of appeals "afford broad discretion to a district court's evidentiary rulings." *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S.Ct. 1140 (2008).

(N.D.Ill. 1993). This is because although rulings on motions *in limine* may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D.Kan. 2007).

*In limine* rulings "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3, 120 S.Ct. 1851 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F.Supp.2d at 846.

### 3. Motion *In Limine* to Exclude Plaintiff's Witnesses

Defendants argue that the Court should exclude Plaintiff's proposed witnesses because their testimony would not be relevant to the breach of contract claim. (#100). According to Defendants, none of the four witnesses proposed by Plaintiff were present at the signing of the contract at issue or present at any discussion of the terms of the contract. (*Id.*) Based on these allegations, Defendants contend that the following witnesses should be excluded from testifying at trial:

    a. Nicole Cooper, Certified Nursing Aide for Tamara Woods (Pl.'s Witness #1);

    b. Steve Forbman, Fed. Motor Carrier Safety Admin. Judicial Counselor (Pl.'s Witness #2);

    c. Mike Schlarmann, Auditor at Fed. Motor Carrier Safety Admin. (Pl.'s Witness #3);

    d. Leslie Mickel, FMCA Commercial Enforcement Division (Pl.'s Witness #4).

(#100).

Plaintiff argues that Nicole Cooper's testimony will speak to Plaintiff's physical condition since the time that the dispute arose with Defendants. (#108). However, Woods' physical condition is not at issue in this case. The only claim remaining in this action is Plaintiff's breach of

the covenant of good faith and fair dealing[3] against the defendants.  Therefore, testimony from a nurse or doctor regarding Plaintiff's medical condition would not be relevant to the claim and is inadmissible on all potential grounds.

In regard to the proposed testimony of Steve Forbman and Mike Schlarmann, Plaintiff argues the proposed witnesses should be allowed to testify regarding the law, rules and regulations governing moving companies and why the contract at issue "has violations in it". (#108 at 2).  As discussed above, the law, rules and regulations governing moving companies are not at issue in this breach of covenant case.  In addition, Plaintiff offers no explanation for how testimony from either of these witnesses would be relevant to determine the terms of the contract at issue or the intent of the parties entering into the contract.  Accordingly, the Court finds that the proposed testimony from Forbman and Schlarmann is inadmissible on all potential ground and as it is not relevant to the alleged breach of the covenant of good faith and fair dealing.

Woods does not oppose Defendants' request to exclude Leslie Mickel as a witness as Mickel is no longer available.   As a result, the Court will exclude Nicole Cooper, Steve Forbman, Mike Schlarmann and Leslie Mickel from testifying at trial.

**4.    Motion *in Limine* to Exclude Certain Documents**

Defendants move for the Court to exclude from the trial the following twelve (12) categories of documents proposed as exhibits by Plaintiff:

    a.    All Complaints against NAVL and Slater Transfer and Storage (posted on the internet) –  63 Complaints (Pl.'s Ex. #6);

    b.    Doctor's reports for Tamara Woods (Pl.'s Ex. #7);

    c.    Four character references of Tamara Woods (Pl.'s Ex. #8);

    d.    Federal Motor Carriers Fines and Violations against carriers (Pl.'s Ex. #9);

    e.    Arbitration Information per Congress section 14708 of Title 49 of U.S. DOT Codes (Pl.'s Ex. #10);

. . .

---

[3] *See* discussion fn. 1, *supra* 2.

|   |   |   |
|---|---|---|
| | f. | Federal Motor Carrier Safety Administration 375 Penalties & Violations U.S. DOT Codes (Pl.'s Ex. #11); |
| | g. | Federal Motor Carrier Safety Administration Senate Committee on Surface Transportation & Merchant Marine 5/4/2006 (Pl.'s Ex. #12); |
| | h. | Household Goods Guide from Federal Motor Carrier Safety Administration (Pl.'s Ex. #13); |
| | i. | Demand Letter dated September 19, 2008 (Stephenson & Dickinson correspondence to Ms. Woods) (Pl.'s Ex. #14); |
| | j. | Demand Letter dated March 23, 2009 (Stephenson & Dickinson correspondence to Ms. Woods) (Pl.'s Ex. #15); |
| | k. | PUCO of Ohio information (Pl.'s Ex. #18); and |
| | l. | Correspondence from Stephenson & Dickinson dated May 29, 2010, April 15, 2010 and June 15, 2009 (Pl.'s Ex. #19). |

(#96; #101).

Plaintiff filed a response to Defendants' motion, but only opposed the exclusion of "All Complaints against NAVL and Slater Transfer and Storage – 63 Complaints" (Pl.'s Ex. #6). (*See* #108). In doing so, Plaintiff failed to oppose Defendants' request to exclude Plaintiff's proposed exhibits #s 7-15, 18-19.[4] LR 7-2(d) states in pertinent part, that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The Court will exclude Plaintiff's proposed exhibits #s 7-15, 18-19 as Plaintiff has offered no reason for the Court to consider them relevant or admissible.

Even if the Court were to consider the admissibility of Plaintiff's proposed exhibits #s 7-15, 18-19 on the merits, the exhibits would be excluded. The doctor's reports, character references, federal and state statutes and regulations, demand letters and correspondence at issue constitute inadmissible hearsay that is not relevant to Plaintiff's breach of the covenant of good faith and fair dealing claim.

---

[4] Ordered as challenged documents "b" through "l" in the Court's discussion above.

In regard to the 63 internet complaints against Defendants (Pl.'s Ex. #6), Plaintiff argues that the complaints about NAVL and Slater Transfer should not be excluded as they are relevant to show that the defendants are not fair in their business dealings with customers. (#108). However, Plaintiff has offered no explanation to the Court as to why these complaints from non-parties would be relevant to Plaintiff's breach of the covenant of good faith and fair dealing claim. In addition, the Court finds that the internet complaints constitute inadmissible hearsay and have not been properly authenticated as required by Fed.R.Evid. 901. As a result, Plaintiff's proposed exhibits #s 7-15, 18-19 are inadmissible on all potential grounds. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion *In Limine* to Exclude Plaintiff's Witnesses - No. 1 (#100) is **granted**. The testimony of Nicole Cooper, Steve Forbman, Mike Schlarmann and Leslie Mickel will be excluded and Plaintiff's proposed witnesses will be prohibited from testifying at trial.

**IT IS FURTHER ORDERED** that Defendants' Motion *In Limine* to Exclude Certain Documents - No. 2 (#101) is **granted**. Plaintiff's proposed exhibits #s 6-15 and 18-19 are excluded as evidence and may not be introduced at trial.

**IT IS FURTHER ORDERED** that the hearing on the present motions currently set for Tuesday, August 31, 2010 is **vacated**. The Calendar Call in this action will still take place on Tuesday, August 31, 2010 at 9:30 a.m.

DATED this 27th day of August, 2010.

GEORGE FOLEY, JR.
United States Magistrate Judge